IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BOBBY DARRYL LEDBETTER,        )
                               )
        Petitioner,            )
                               )
        v.                     )        1:11CR355-1
                               )        1:13CV866
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On June 27, 2012, this Court (per now-Chief United States District Judge William L. Osteen, Jr.) entered judgment against Petitioner imposing, <u>inter alia</u>, a term of imprisonment, as a result of his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 12; <u>see also</u> Docket Entries dated Dec. 7, 2011, and April 19, 2012 (documenting plea and sentencing hearings.)[1] Petitioner did not appeal. (Docket Entry 17, ¶ 8.) On August 2, 2013, Petitioner signed a pro se motion (which he entitled "Motion to Reduce Imposed Sentence"), purportedly brought under 18 U.S.C. § 3582(c)(2) to address an amendment to the Sentencing Guidelines, but which actually asserted that the Court had improperly calculated Petitioner's criminal history category under the advisory Sentencing Guidelines. (Docket

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Entry 13.)[2] The Court dismissed that Motion as procedurally defective without prejudice to Petitioner filing a proper motion under 28 U.S.C. § 2255 and sent him the form for such a motion. (Docket Entry 15 (Recommendation); Docket Entry 23 (Judgment).) On September 30, 2013, Petitioner completed that form and signed it as submitted to prison officials for mailing, whereafter (on October 3, 2013) the Court received and docketed it. (Docket Entry 17 (Section 2255 Motion).) The United States responded (Docket Entry 20) and Petitioner replied (Docket Entry 22). The Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts that a "Simmons Violation" occurred in his case because "[t]he government used a state conviction in which [Petitioner] only did 9 to 11 months to give [Petitioner] more time. The state case is 00CRS51670. [Petitioner] got sentenced [in that case] on 1/29/2002. This is a clear Simmons violation because on this prior conviction [Petitioner] did not do over a year in prison." (Docket Entry 15, ¶ 12(Ground One).)

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

---

[2] The Court file-stamped and docketed said Motion on August 6, 2013. (See Docket Entry 13 at 1.)

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for filing his Section 2255 Motion commenced on or about July 11, 2012, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on June 27, 2012. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States,

Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same). That one-year period expired on or about July 11, 2013, approximately three weeks before Petitioner signed his procedurally-defective, pro se Motion and two and a half months before he signed his Section 2255 Motion.

Petitioner does not argue that the delayed accrual provisions of Paragraphs (2) or (4) of Subsection 2255(f) apply to his Section 2255 Motion. (See Docket Entry 17, ¶ 18; Docket Entry 22.) Instead, he apparently seeks to invoke the delayed accrual provision of Paragraph (3) of Subsection 2255(f), by stating, under the heading "Timeliness of Motion," that "Simmons is a retroactive case so [Petitioner] ask[s] the Court to please hear my case." (Docket Entry 17, ¶ 18.) That argument fails because the United States Court of Appeals for the Fourth Circuit, not the United States Supreme Court, decided Simmons. See United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc); 28 U.S.C. § 2255(f)(3) (limiting its application to cases decided by the United States Supreme Court).[3] In his reply, Petitioner asserts that Miller v. United States, 735 F.3d 141 (4th Cir. 2013), renders

---

[3] Nor could Petitioner rely on any change affected by Simmons to obtain delayed accrual under Paragraph (4) of Subsection 2255(f) or equitable tolling. See Whiteside v. United States, ___ F. 3d ___, 2014 WL 7245453 (4th Cir. 2014) (en banc).

4

his Section 2255 Motion timely. (Docket Entry 22 at 1.) That case, however, did not involve application of Subsection 2255(f) because the United States had waived any statute of limitations issue. See Miller, 735 F.3d at 143.[4]

Accordingly, Paragraph (1) of Subsection 2255(f) applies and Petitioner's Section 2255 Motion is untimely.[5]

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 17) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 12, 2015

---

[4] Petitioner's case also differs from Miller in that Petitioner's Section 2255 Motion merely alleges that, because he received a prison sentence of nine to 11 months on a conviction in 2002, the Court should not have (or at least improperly) factored that conviction into his criminal history score under the Guidelines (see Docket Entry 17, ¶¶ 12(Ground One), 18; see also Docket Entry 15 at 1 n.1 ("As the factual basis in Petitioner's case makes clear, his conviction is based on a predicate offense for which he received 11 to 14 months of imprisonment in 2006." (citing Docket Entry 9))), whereas in Miller the petitioner did not have a prior conviction that would have supported his conviction under 18 U.S.C. § 922(g)(1), see Miller, 735 F.3d at 143.

[5] In any event, Petitioner's Section 2255 Motion would fail on the merits because, notwithstanding his contention that, for purposes of applying the phrase "punishable by" as defined in Simmons, "[i]t's not what I could have been sentence [sic] to but what I actually was sentence [sic] to" (Docket Entry 22 at 1), the Fourth Circuit has made it clear that classification of a prior conviction under Simmons "does not depend on the sentence a defendant actually received but on the maximum sentence that he could have received," United States v. Kerr, 737 F.3d 33, 39 n.8 (4th Cir. 2013) (internal brackets and quotation marks omitted).